## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### www.flsb.uscourts.gov

*In re:*                                              Case No.: 24-23275-RAM

WATERHOUSE CONSTRUCTION, LLC,
                                                      Chapter 11
     Debtor.                    /         Subchapter V

## FIRST AMENDED PLAN OF REORGANIZATION OF WATERHOUSE CONSTRUCTION, LLC

**Submitted on April 7, 2025 by:**

**Waterhouse Construction, LLC,**
    *Debtor in Possession*

    **Waterhouse Construction, LLC** (the "Debtor" or "Waterhouse")[1] as debtor-in-possession, by and through undersigned counsel, submits and proposes the following Plan of Reorganization (the "Plan") pursuant to 11 U.S.C. § 1189, 1190 and 1191:

## BACKGROUND

    A.    The Debtor.    The Debtor is a related company to a manufacturer of custom kitchen cabinets, vanities and closets and the holder of the leasehold interest of the business premises.

    B.    This case was commenced on December 19, 2024 (the "Petition Date") by the filing of the Debtor of a voluntary petition under Chapter 11, Subchapter V of the Bankruptcy Code (the "Subchapter V Case").

    C.    Liquidation Analysis.  To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as **Exhibit A.**

---

[1] Terms defined within this Plan, along with the location of respective definitions are listed in Appendix 1



**45 Almeria Avenue  Coral Gables, Florida 33134 · T. 305.722.2002 www.agentislaw.com**

D.      Feasibility. The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business. The Plan Proponent has provided projected financial information as **Exhibit B** (the "Projections"). The Projections show that the Debtor will have sufficient projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) to make all payments under the Plan. The final Plan payment is expected to be paid on or before the expiration of 24 months from the Effective Date and will be funded primarily from pass through rent payments from the Debtor's affiliate which occupies the premises and loans or capital from the Debtor's principal, Carlos de Leon.  The Debtor reserves the right to amend this Plan to the extent necessary.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections**

### ARTICLE I.   SUMMARY

1.1     This Plan proposes to pay Allowed Claims no less than the value of Waterhouse's projected Net Disposable Income for a period of 24 months, subject to Article 3.3.3. below. The Plan provides for 4 Classes of creditor claims (including priority, secured, and unsecured) and one Class of Equity interests.

1.2     **Debtor's Assets.**  The Debtor's pre-petition assets are as detailed in Schedules A and B of the Bankruptcy Schedules [ECF# 1] (the "Assets").

1.3     **Debtor's Liabilities.**   The Debtor's pre-petition liabilities are as detailed in Schedules D, E, F and G of the Bankruptcy Schedules [ECF# 1].



## ARTICLE II. CLASSIFICATION OF CLAIMS AND INTERESTS

| CLASSIFICATION | CLASS DESCRIPTION | IMPAIRMENT | VOTE ENTITLEMENT[2] |
|---|---|---|---|
| Unclassified | Administrative Claims and Administrative Expense Claims as described in Article 3.2.1 below | Not impaired | Presumed to accept and not entitled to vote. |
| Class 1 | Allowed Priority Claims means those claims entitled to priority status under Sections 507 *et seq.* of the Bankruptcy Code | Not Impaired | Not entitled to vote. |
| Class 2 | Allowed Claim of Divine Inspiration | Impaired | Entitled to vote. |
| Class 3 | General Unsecured Claims | Unimpaired | Presumed to accept and not entitled to vote. |
| Class 4 | Equity | Unimpaired | Presumed to accept and not entitled to vote. |

**All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE III. TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

3.1 **General Matter Regarding Classification and Treatment of Claims.** Except to the extent the holder of an Allowed claim against or Allowed equity interest in the Debtor agree to accept different but lesser treatment, the treatment of Allowed claims and Allowed equity interests shall be as follows:

3.2 **Unclassified Claims**

3.2.1 **Allowed Administrative Claims**. Administrative Claims include claims for costs or expenses of administering the Subchapter V Case, which are allowed under Section 503(b) of the Bankruptcy Code, fees payable to the clerk of the Bankruptcy Court that were incurred during

---

[2] Only a holders of an Allowed Claim whose Allowed Claim(s) is impaired (as that term is defined in Section 1124 of the Bankruptcy Code) are entitled to vote to accept or reject the Plan.



the course of this Subchapter V Case and claims of estate professionals. No motion or application is required to fix fees payable to the clerk's office, as those fees are determined by statute. The Bankruptcy Code requires that Allowed Administrative Claims be paid on the Effective Date, unless a particular creditor agrees to different treatment.

3.2.2 The following chart lists the Debtor's **estimated** Administrative Claims (other than ordinary course of business expenses, which will be assumed and paid by the Reorganized Debtor in the ordinary course of business):

| Administrative Claimant | Estimated Amount Owed Net of Retainers |
|---|---:|
| Agentis PLLC, Counsel for the Debtor | $17,500.00 |
| Soneet Kapila, Subchapter V Trustee | $5,000.00 |

3.3 **Classified Claims**

3.3.1 **Class 1.  Allowed Priority Claims.**  Allowed Priority Claims shall receive monthly installment payments consistent with 11 U.S.C. § 1129(a)(9). Upon information and belief, the Debtor's only Priority Claim is the Florida Department of Revenue's claim in the amount of $183.20 and the Internal Revenue Service's claim in the amount of $3,346.23, which sum will be paid in accordance with the schedule set forth in the Projections. Class 1 is not impaired, presumed to accept and not entitled to vote.

3.3.2 **Class 2.  Allowed Claim of Divine Inspiration ("Landlord").** The Landlord is in possession of $16,600.00 (security deposit) as well as $9,700.00 obtained from the State Court registry on the Petition Date. The funds in the State Court registry were applied to post-petition rent for 11 days in December, all of January, and a portion of February. On the Effective Date, the Debtor will assume the lease with Divine Inspiration (the "Lease").  The Cure will be paid in monthly installments (as set forth in the Projections) and the security deposit will remain in place. Class 2 is Impaired and entitled to vote.



   3.3.3 **Class 3. Allowed General Unsecured Claims.**  The Reorganized Debtor will make a *pro rata* distribution in amount of $1,232.55 quarterly in Year 2026 (for a total payment to Class 3 in the amount of $4,929.02, which sum results in 100% distribution to Class 3. Class 3 is Unimpaired and not entitled to vote.

   3.3.4 **Class 4.  Equity Interests in the Debtor.** Class 4 consists of Equity Interests of Carlos de Leon in Waterhouse.  On the Effective Date, the Equity Interests will be retained in the same amounts and character as they were held prior to the Petition. Class 4 is deemed to accept and not entitled to vote.

**ARTICLE IV.**

**ALLOWANCE/DISALLOWANCE OF CLAIMS**

 4.1 **Disputed Claim:** A *disputed claim* is a claim that has not been allowed or disallowed by a Final Order, and as to which either:

   4.1.2 a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

   4.1.3 no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

   4.1.4 **Delay of distribution on a disputed claim.**  No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

   4.1.5 **Settlement of disputed claims.**  The Reorganized Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure or submission of an agreed order.

 4.2 **Allowed Claims:** A claim or interest that is Allowed (other than as determined by a final non-appealable order of this Court] includes:

   4.2.2 a proof of claim to which no objection has been filed; or



    4.2.3  a claim listed by the Debtor that has not been designated as contingent, disputed, or unliquidated.

  4.3  **Claims Bar Date**: The deadline for filing proofs of claim for entities other than governmental entities was February 27, 2025.

## ARTICLE V.
## FUNDING AND IMPLEMENTATION OF THIS PLAN

  5.1  **Vesting of Property of the Estate.**  On the Effective Date, all property of the Debtor not otherwise disposed of under the Plan, shall vest with the Reorganized Debtor.

  5.2  **Sources of Funding Plan Payments.** The Plan proposes to pay Allowed Claims to be paid under the Plan from pass through rent paid by the Debtor's affiliate which occupies the premises and contributions from Mr. De Leon.

  5.3  **Exit Financing.** The Reorganized Debtor will have no revenue to fund the Plan, except for the pass through rent from its affiliate. As such, Mr. De Leon has committed to contributing such sums required to fund cash shortfalls. The net proceeds of said financing (after allocation of costs and taxes) will be used to make a distribution to Allowed Claimholders equal to the balance due to Class 3 as shown in the Projections

  5.4  **Debtor's Operation Prior to Confirmation.** On or prior to the final hearing to consider confirmation of the Plan ("Confirmation Date"), the Debtor shall continue to operate its business, and pay its current expenses in the ordinary course of business. In addition, the Debtor shall continue to comply with the various other Orders entered by the Bankruptcy Court during the course of the Subchapter V Case.

  5.5  **Events Occurring on or after the Effective Date.** The following events shall occur on or after the Effective Date: The Debtor (or Reorganized Debtor) shall tender payments due to creditors holding Allowed Administrative Claims and shall make such other payments on the Effective Date as are provided for in this Plan and other orders of this Court. As of the Effective Date, all property



of the Debtor and its Estate shall be retained by the Reorganized Debtor, and the Reorganized Debtor shall continue operating in the ordinary course of business. Carlos de Leon will stay on as Waterhouse's manager with no compensation.

5.6 **Documents**. All necessary documents for the implementation of this Plan shall be executed and delivered by the Debtor, when possible, on or before the Effective Date. To the extent that the Debtor or any party in interest herein is unable to agree on the form or substance of such documents, such unresolved issues shall be submitted to the Court. Upon execution and delivery, all such documents shall be binding on the Debtor and Reorganized Debtor and all other parties subject to such documents.

5.7 **Payments.** On or as soon as practicable after the Effective Date, the Debtor shall commence payment of all amounts required to be paid on the Effective Date and according to the schedules provided in Article III of this Plan.

5.8 **Causes of Action.** Except to the extent any rights, claims, causes of action defenses, and counterclaims are expressly and specifically released in connection with this Plan or in any settlement agreement approved during the Subchapter V Case: (i) any and all causes of action or claims accruing to the Debtor or his Estate shall remain assets of the Reorganized Debtor (subject to Article 5.1) whether or not litigation relating thereto is pending on the Effective Date, and whether or not any such claims or causes of action have been listed or referred to in the Plan, or any other document filed with the Court, and the Debtor does not waive, release, relinquish, forfeit, or abandon (nor shall it be estopped or otherwise precluded or impaired from asserting) any claims, causes of action, or defenses that constitute property of the estates unless expressly provided for in the Plan.

5.9 **Possible Causes of Action after Confirmation**. The Debtor has reviewed its books and records and is not aware of any potential causes of action. Because all investigations and inquiries have not yet been completed, it is possible that there may be additional causes of action not mentioned herein and no party should assume that any release or discharge provision contained in the Plan or the



Confirmation Order will bar or otherwise inhibit the Reorganized Debtor from taking any action to prosecute or enforce such additional causes of action, which the Debtor and Reorganized Debtor reserve the right to pursue, including any causes of action arising under Chapter 5 of the Bankruptcy Code. Notwithstanding anything to the contrary, after reviewing its books and records, the Debtor believes there are no viable causes of action to pursue post-confirmation.

5.10 **Post-Effective Date Fees and Expenses.** From and after the Effective Date, the Reorganized Debtor shall, in the ordinary course of his business, be authorized to pay the reasonable fees and expenses of professionals thereafter incurred, including, without limitation, those fees and expenses incurred in connection with the implementation and consummation of the Plan without further notice or Order of this Court.

5.11 **Determination of Tax Liability**. The Debtor or Reorganized Debtor, as the case may be, may seek determination of any tax liabilities pursuant to 11 U.S.C. § 505. Pursuant to Section 1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of note or equity securities under or in relation to this Plan, or the making or delivery of any instrument under, in furtherance of, or in connection with this Plan, including, without limitation, in connection with a transfer of any sale or transfer of any of the Assets, shall not be taxed under any law imposing a stamp or similar tax. The Debtor is not currently aware that it will sell any Assets, but to the extent a sale is required in order to enable the Reorganized Debtor to obtain liquidity to make Plan payments, any such sale occurring after or upon the Effective Date shall be deemed to be in furtherance of this Plan.

5.12 **Default Remedies**. If the Reorganized Debtor does not make the payments provided for under the Plan as and when due, the Reorganized Debtor will be in default under the Plan ("Default"). After the occurrence of a Default, any creditor may send written notice to the Reorganized Debtor, with a copy to Debtor's attorney and the Subchapter V Trustee, that the Debtor is in Default under the Plan ("Default Notice") via certified mail to the addresses, and via email to the email addresses, below:



      5.12.1    Debtor: Waterhouse Construction, LLC, 4261 NW 36th Avenue, # A & B, Miami, Florida 3142, copy to: Debtor's Attorney: Agentis PLLC Attn: Jacqueline Calderin, 45 Almeria Avenue, Coral Gables, FL 33134 jc@agentislaw.com; and

      5.12.2    Subchapter V Trustee: Soneet Kapila, P.O. Box 14213, Fort Lauderdale, Florida 33302.

5.13    The Reorganized Debtor will be entitled to a 15-day grace period after the transmission of the Default Notice to cure the Default, after which time any affected party may seek to enforce the Plan or other available remedies from the Bankruptcy or any other court of competent jurisdiction. The Bankruptcy Court with jurisdiction over the Plan retains jurisdiction to enforce this provision.

## ARTICLE VI.
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.1    **Executory Contracts and Unexpired Leases**. The Debtor is a party to several executory contracts and unexpired leases (all of which are listed on Schedule G of the Debtors Bankruptcy Petition).

6.2    The Debtor assumes the following executory contracts and unexpired leases as of the Effective Date:

| Contract Party | Nature of Contract | Cure Amount |
| --- | --- | --- |
| Divine Inspirations | Lease for Business Premises | $64,375.00 |

6.3    The cure for the foregoing lease will be paid in accordance with the treatment set forth in Class 2.

6.4    Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section Article 6.2 of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.



# ARTICLE VII.
# GENERAL PROVISIONS

7.1    **Definitions and Rules of Construction**.  The definitions and rules of construction set forth in Sections 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan, and they are supplemented by the definitions listed in Appendix 1.

7.2    **Effective Date of Plan**.  The Effective Date of this Plan shall take place as soon as practicable on or before thirty (30) days after the entry of a Final Order[3] confirming this Plan (the "Confirmation Order").  If a stay of the Confirmation Order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the Confirmation Order is in effect, provided that the Confirmation Order has not been vacated.

7.3    **Substantial Consummation**. Substantial consummation of this Plan shall be deemed to have occurred upon the payment in full of all Allowed Administrative Claims.

7.4    **Severability**.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

7.5    **Binding Effect**.  The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

7.6    **Captions**.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

7.7    **Controlling Effect**.  Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure), the laws of the State

---

[3] The term "Final Order" refers to an order of the Bankruptcy Court or other court of competent jurisdiction that is not appealable.  For purposes of orders of the Bankruptcy Court, an order will be deemed a "Final Order" after 14 days from the date of issuance if a notice of appeal has not been filed or if a court of competent jurisdiction has not issued a stay of said order.



of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. In the event of any inconsistency between the Plans, any exhibit to the Plan or any other instrument or document created or executed pursuant to the Plan, the Plan shall govern.

## ARTICLE VIII.
## DISCHARGE AND RELEASES

8.1     **Discharge of Debt**.

8.1.1     Consensual Plan: If this Plan is confirmed under § 1191(a), on the Effective Date of the Plan, Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. Debtor will not be discharged of any debt: (i) imposed by this Plan; or (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

8.1.2 Nonconsensual Plan: If this Plan is confirmed under § 1191(b), as soon as practicable after completion by the Debtor of all payments due within the first 3 years of the Plan, or such longer period not to exceed 5 years as the Court may fix, unless the Court approves a written waiver of discharge executed by Debtors after the order for relief under this chapter, the Court shall grant Debtor a discharge of all debts provided in section 1141(d)(1)(A), and all other debts allowed under section 503 and provided for in the Plan, except any debt (1) on which the last payment is due after the first 3 years of the Plan, or such other time not to exceed 5 years fixed by the Court; or (2) of the kind specified in section 523(a).

8.2     **Releases and Exculpations. As of the Effective Date, except for the Debtor's express obligations under the Plan (including guaranties, pledges, and security agreements to be executed post-confirmation), causes of action that do not arise until the Petition Date, and Claims reserved by the Debtor to be pursued under the Plan, the Debtor, and its professionals are hereby**



**released and discharged from any and all claims, causes of action, demands, liabilities, losses, damages, whether known or unknown, under federal, state or other law, that arose after the Petition Date and prior to the Effective Date in connection with any matter arising from or relating to the Subchapter V Case, except for any acts or omissions resulting from fraud, gross negligence, willful misconduct, or contractual obligations of non-Debtor parties (including but not limited to personal guarantees by Debtor's principals and shareholders which shall remain in full force and effect).[4]**

## ARTICLE IX.
## RETENTION OF JURISDICTION BY THE BANKRUPTCY COURT.

9.1 The Bankruptcy Court shall retain jurisdiction of these proceedings after the Confirmation Date of this Plan until the entry of a final decree pursuant to Bankruptcy Rule 3022 for the following purposes:

9.1.1 To enable the Debtor and the Reorganized Debtor to consummate the Plan and any amended or modified Plan and to resolve any disputes arising with respect thereto;

9.1.2 To enable the Debtor and the Reorganized Debtor to consummate any and all proceedings that it may bring prior to the entry of the Confirmation Order;

9.1.3 To determine all controversies relating to or concerning the classification, subordination, allowance, valuation, or satisfaction of Claims;

9.1.4 To liquidate or estimate for purposes of allowance all contested, contingent, or unliquidated Claims;

9.1.5 To determine the validity, extent, and priority of all liens, if any, against property of the estate;

---

[4] *See, e.g., In re. Winn Dixie Stores, Inc.*, 356 B.R. 239, 261 (M.D. Fla. (2006), *citing, In re Enron Corp.*, 326 B.R. 497, 500 (S.D.N.Y.2005) (affirming bankruptcy court confirmation order which found that a similar exculpation provision was "reasonable and customary and in the best interests of the estates").



9.1.6    To determine all assertions or an ownership interest in, the value of, or title to, any property of the estate;

9.1.7    To determine all applications for compensation and reimbursement and objections to Administrative Claims;

9.1.8    To determine all (1) adversary proceedings, contested or litigation matters brought before the Bankruptcy Court; and, (2) any and all claims or Causes of Action asserted by the Debtor, either by and through the Debtor or Reorganized Debtor;

9.1.9    Without limiting the generality of the preceding paragraph, to determine any Avoidance Action brought by the Debtor or the Reorganized Debtor;

9.1.10    To determine all controversies arising out of any purchase, sale, or contract made or undertaken by the Debtor prior to the Confirmation Date;

9.1.11    To enforce all agreements assumed, if any, and to recover all property of the estate, wherever located;

9.1.12    To determine any tax liability of the estate in connection with the Plan, actions taken, distributions, or transfers made thereunder;

9.1.13    To enforce the terms of the Plan including any and all releases and injunctions created pursuant to the terms of the Plan;

9.1.14    To modify the Plan or to remedy any defect or omission or reconcile any inconsistencies in the Plan either before or after the entry of the Confirmation Order;

9.1.15    To hear and determine all controversies, suits, and disputes that may arise in connection with the interpretation or enforcement of the Plan;

9.1.16    To make such orders as are necessary or appropriate to carry out the provisions of the Plan.



## ARTICLE X.
## MODIFICATIONS TO THE PLAN

The Debtor may propose amendments or modifications to the Plan at any time prior to the Confirmation Date without leave of the Bankruptcy Court. After the Confirmation Date, parties in interest may, with Bankruptcy Court approval and so long as it does not materially or adversely affect the interests of Creditors, remedy any defect or omission or reconcile any inconsistencies in the Plan or in the Confirmation Order in such manner as may be necessary to carry out the purposes and intent of the Plan.

## ARTICLE XI
## AMENDMENT OF CLAIMS

Claimants shall not be permitted to amend or otherwise modify any Claim after the Confirmation Date without leave of the Bankruptcy Court.

Respectfully Submitted by:

**Waterhouse Construction, LLC.**

_____
**Carlos de Leon, its Manager**


        */s/ Jacqueline Calderin*
       Jacqueline Calderin
         jc@agentislaw.com
         Florida Bar Number 134414
        Agentis PLLC
        Attorneys for the Debtor in Possession
        45 Almeria Avenue
        Coral Gables, FL 33134
        T. 305.722.2002



# Appendix 1

The following is a list of terms defined within this Plan, along with the location of respective definitions:

| Defined Term | Location |
|---|---|
| Administrative Claims | Article 3.2.1 |
| Allowed | Article 4.2 |
| Allowed Claim(s) | Article 4.2 |
| Assets | Article 1.2 |
| Claims Bar Date | Article 4.3 |
| Confirmation Date | Article 5.4 |
| Confirmation Order | Article 7.2 |
| Debtor | Preamble |
| Disputed Claims | Article 4.1 |
| Default | Article 5.12 |
| Default Notice | Article 5.12 |
| Effective Date | Article 7.2 |
| Equity Interests | Article II |
| Final Order | Article 7.2 |
| General Unsecured Claims | Article II |
| Waterhouse | Preamble |
| Landlord | Article 3.3.2 |
| Lease | Article 3.3.2 |
| Liquidation Value | Article 1.9 |
| Petition Date | Background |
| Plan | Preamble |
| Priority Claims | Article II |
| Projections | Preamble |
| Reorganized Debtor | Article 3.2.1 |
| Subchapter V Case | Background |
| Substantial Consumation | Article 7.3 |



**Exhibit "A"**

| Assets | Value as of the Petition Date | Liens | Secured Party | Net value to the estate |
|---|---|---|---|---|
| Cash in bank | 18.24 | | | $18.24 |
| Security Deposit for leased premises | $16,600.00 | $16,600.00 | Divine Inspirations | $0.00 |
| Office Furniture | $1,000 | | | $1,000 |
| Funds in Court registry – turned over by the Court to the landlord on the Petition Date | $10,000.00 | | | $0.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTAL ASSETS** | | | | $1,018.24 |
| **Est. Ch. 11 Admin. Claims** | | | | -$25,000.00 |
| **Available for General Unsecured Claims (Excluding Ch. 7 Expenses):** | | | | -18,981.76 |
| **25% reduction (estimated Chapter 7 liquidation costs)** | | | | **$0.00** |

**Exhibit "B"**

| Plan Projection | | | | **EFFECTIVE DATE PROJECTED** | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Revenue | Mar-25 | Apr-25 | May-25 | Jun-25 | Jul-25 | Aug-25 | Sep-25 | Oct-25 | Nov-25 | Dec-25 | Jan-26 | Feb-26 | Year 2026 |
| Beginning Cash | $ 100.00 | $ 662.50 | $ 658.07 | $ 324.61 | $ 174.35 | $ 24.09 | $ 23.83 | $ 23.57 | $ 23.31 | $ 23.05 | $ 22.79 | $ 22.53 | $ 22.79 |
| Financing from Insider | $ 3,500.00 | $ 8,750.00 | $ 8,750.00 | $ 8,750.00 | $ 8,750.00 | $ 4,400.00 | $ 4,400.00 | $ 4,400.00 | $ 4,400.00 | $ 4,400.00 | $ 4,400.00 | $ 4,400.00 | $ 6,650.00 |
| Release of Security Deposit from Surrendered Units | $ 8,000.00 | | | | | | | | | | | | |
| Revenue (from Waterhouse Architecture) | $ 14,420.00 | $ 8,000.00 | $ 8,000.00 | $ 8,000.00 | $ 8,000.00 | $ 8,000.00 | $ 8,000.00 | $ 8,000.00 | $ 8,000.00 | $ 8,000.00 | $ 8,000.00 | $ 8,000.00 | $ 96,000.00 |
| **Total Cash** | $ 26,020.00 | $ 17,412.50 | $ 17,408.07 | $ 17,074.61 | $ 16,924.35 | $ 12,424.09 | $ 12,423.83 | $ 12,423.57 | $ 12,423.31 | $ 12,423.05 | $ 12,422.79 | $ 12,422.53 | $ 102,672.79 |
| | | | | | | | | | | | | | |
| **Uses** | | | | | | | | | | | | | |
| Divine Inspiration (Lease) + sales tax | $ 14,420.00 | $ 7,426.30 | $ 7,426.30 | $ 7,426.30 | $ 7,426.30 | $ 7,426.30 | $ 7,426.30 | $ 7,426.30 | $ 7,426.30 | $ 7,426.30 | $ 7,426.30 | $ 7,426.30 | $91,789.07 |
| Landlord Cure | $ 6,437.50 | $ 4,828.13 | $ 4,828.13 | $ 4,828.13 | $ 4,828.13 | $ 4,828.13 | $ 4,828.13 | $ 4,828.13 | $ 4,828.13 | $ 4,828.13 | $ 4,828.13 | $ 4,828.13 | 4,828.13 |
| Class 3 Claims | | | | | | | | | | | | | $ 4,292.02 |
| Class 1 IRS (non penalty) | | | $ 145.83 | $ 145.83 | $ 145.83 | $ 145.83 | $ 145.83 | $ 145.83 | $ 145.83 | $ 145.83 | $ 145.83 | $ 145.83 | 1,749.96 |
| Class 1 Claims | | | $ 183.20 | | | | | | | | | | |
| Debtor's counsel | $ 3,500.00 | $ 3,500.00 | $ 3,500.00 | $ 3,500.00 | $ 3,500.00 | | | | | | | | |
| Subchapter V Trustee | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | | | | | | | | |
| **TOTAL EXPENSES** | $ 25,357.50 | $ 16,754.43 | $ 17,083.46 | $ 16,900.26 | $ 16,900.26 | $ 12,400.26 | $ 12,400.26 | $ 12,400.26 | $ 12,400.26 | $ 12,400.26 | $ 12,400.26 | $ 12,400.26 | $102,659.18 |
| **Available Cash** | $ 662.50 | $ 658.07 | $ 324.61 | $ 174.35 | $ 24.09 | $ 23.83 | $ 23.57 | $ 23.31 | $ 23.05 | $ 22.79 | $ 22.53 | $ 22.27 | $ 13.61 |